■ In the Matter of JOHN T. PLEAKIS, Respondent, v HOWARD M. PETERSON, as Executive Secretary of Office of Cattaraugus County Civil Service Commission and as Director of Personnel for County of Cattaraugus, et al., Appellants. (Appeal No. 1.) [722 NYS2d 777] —Appeal unanimously dismissed without costs (*see,* CPLR 5701 [b] [1]). (Appeal from Order of Supreme Court, Cattaraugus County, Feeman, Jr., J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of JOHN T. PLEAKIS, Respondent, v HOWARD M. PETERSON, as Executive Secretary of Office of Cattaraugus County Civil Service Commission and as Director of Personnel for County of Cattaraugus, et al., Appellants. (Appeal No. 3.) [722 NYS2d 458] —Judgment unanimously modified on the law and as modified affirmed without costs in accor-

dance with the following Memorandum: Respondents contend that the period of time in which petitioner acted as an investigator before the effective date of Civil Service Law § 58 (4) (c) and § 59-a should not be included in the 18-month period necessary for permanent designation as detective/ investigator. We disagree. Section 58 (4) (c) (iv) of the Civil Service Law provides in relevant part that "[d]etectives and investigators designated since September [23, 1990] and prior to February [24, 1995] by any * * * county * * * police or sheriffs department, pursuant to the provisions of this paragraph in effect during such period, who continue to serve in such positions, shall retain their detective or investigator status without any right to retroactive financial entitlement." Consequently, Civil Service Law § 58 (4) (c) (iv) retroactively applies to those individuals who were designated detectives during the period between the passage of Civil Service Law § 58 (4) (c) and the Court of Appeals decision in *Matter of Wood v Irving* (85 NY2d 238, 243), which struck down the original statute as unconstitutional. Further, contrary to respondents' contention, Civil Service Law § 58 (4) (c) (ii) and § 59-a apply to jurisdictions that do not classify the position or administer examinations for the position.

Respondents further contend that petitioner's reassignment was not a demotion. We disagree. The Court of Appeals has classified the assignment of a "uniform officer" to a detective as a promotion (*see, Matter of Wood v Irving, supra*, at 243-247). After a reassignment to a uniform officer, the officer would be compensated at a lower rate of pay. Thus, respondents' reassignment of petitioner to a uniform officer constitutes a demotion.

Finally, respondents contend that Supreme Court erred in requiring them to reimburse petitioner for mileage. We agree. Petitioner claims mileage expenses because he lost the use of a Cattaraugus County vehicle when respondents reassigned him. However, respondents could have denied petitioner use of a County vehicle even while he acted as an investigator. Moreover, commuting mileage is not an incidental expense that a court may award as part of a CPLR article 78 judgment (*see,* CPLR 7806). Consequently, we modify the judgment by vacating that portion that required respondents to reimburse petitioner for mileage. (Appeal from Judgment of Supreme Court, Cattaraugus County, Feeman, Jr., J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.